*MY AZ LAWYERS*
*Anthony J. Ramirez #033119*
1731 W. Baseline Road, Suite 101
Mesa, Arizona 85202
Telephone:  (480) 263-1699
Facsimile:  (480) 478-0714
anthony@myazlawyers.com
*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARIA ADAME, et. al., | Case No.   CV 2017-3200-PHX-GMS |
| Plaintiffs, | |
| v. | **PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH** |
| CITY OF SURPRISE, et. al., | **(TORT – NON-MOTORVEHICLE)** |
| Defendants. | (Assigned to: Hon. G. Murray Snow) |

COMES NOW Plaintiffs, MARIA ADAME, surviving mother of decedent DEREK ADAME; and CLARISA ABARCA, parent of minor child, CARTER ADAME, surviving minor daughter of decedent DEREK ADAME, on behalf of the ESTATE OF DEREK ADAME, by and through undersigned counsel, hereby state the following in support of their **First Amended Complaint** for Wrongful Death against the above-named Defendants:

## NATURE OF THE CASE

This action arises from the unjustified fatal shooting of Derek Adame ("Adame") by Surprise Police Officer Joseph Gruver ("Defendant Gruver").  This is a civil action filed pursuant to sections 12-611 and 12-612 of the Arizona Revised Statues, which is commonly referred to as the state of Arizona's Wrongful Death Statutes, **as well as the common law of negligence and liability premised on the doctrine of respondeat superior.**  It is also brought under 42 U.S.C. **§§ 1981** and 1983 to redress the deprivation under the color of law of Adame's rights as secured by the United States Constitution. Without any warning or legal justification, Defendant Gruver jumped into Adame's vehicle, shot him twice, and killed him on November 26, 2016.  Adame had no weapon in his hand or on his person and had been sleeping in his vehicle.  Defendant Gruver's willful, excessive, and unreasonable force resulted in Adame sustaining fatal gunshot wounds to his right forearm, torso, and right shoulder which are the causes of in his premature death. Defendant Gruver was employed by the City of Surprise, Arizona ("Defendant City" or "SPD") at the time he shot and killed Adame.

Acting under the color of law, **and in his individual capacity,** Defendant Gruver deprived Adame of his well-established civil rights protected both by the United States Constitution and the state of Arizona Constitution.  Plaintiffs, Marie Adame, surviving mother of decedent Adame; and Clarisa Abarca, parent of minor child, Carter Adame, surviving minor daughter of decedent Adame ("Plaintiffs"), seek compensatory and

punitive damages, in addition to any other relief this Honorable Court deems just and proper under the circumstances.

## JURISDICTION AND VENUE

1.      This Action arises under the Constitution and laws of the United States and therefore this Court has jurisdiction pursuant to Title 28, Sections 1331 of the United States Code and directly under the United States Constitution.

2.      The events and omissions giving rise to this Action occurred in this judicial district, and therefore venue is proper in this Court pursuant to Title 28, Section 1391(b) of the United States Code.

## JURY TRIAL DEMANDED

3.      Plaintiffs demand a trial by jury pursuant to Arizona Rule of Civil Procedure 38(b) on all issues so triable.

## THE PARTIES

4.      Derek Adame was a twenty (20) year-old resident of Surprise, Arizona when Defendant Gruver shot and killed him on November 26, 2016.

5.      Plaintiff Marie Adame is the surviving mother of decedent Derek Adame.

6.      Plaintiff Clarisa Abarca is the parent of minor child, Carter Adame who is the surviving minor daughter of decedent Derek Adame.

7.      Under Arizona Law, Marie Adame and Carter Adame, through her mother Clarisa Abarca have standing to assert claims for the wrongful death of Derek Adame.

3

Accordingly, they also have standing to assert 42 U.S.C. **§§ 1981 and** 1983 claims on behalf of Adame.

8.      Defendant Gruver is and was at all times relevant herein duly appointed and acting officer, servants, employees and agents of the Surprise Police Department, a municipal agency of Defendant City.  At all times relevant herein, Defendant Gruver was acting under the color of laws, statutes, ordinances, regulations, policies, customs and/or usage of the State of Arizona and the Surprise Police Department, in the course and scope of his duties and functions as an officer, agent, servant, and employee of Defendant City, was acting for, and on behalf of, and with the power and authority vested in him by **Defendant** City and the Surprise Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

9.      **Defendant Gruver is and was at all times relevant herein was also acting in his individual capacity and/or for and on behalf of his marital community.**

10.     Defendant City is and was at all times relevant herein a municipal entity created and authorized under the laws of the state of Arizona.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers.  Defendant

4

City was at all times relevant herein the public employer of Defendant Gruver, identified more fully *infra*, including at the time Defendant Gruver shot and killed Adame.

11.     By the conduct, acts, and omissions complained of herein, Defendant Gruver violated clearly established constitutional standards under the United States Constitution of which a reasonable police officer under the circumstances would have known.

## NOTICE OF CLAIM

12.     Plaintiff timely filed a Notice of Claim with the City Clerk of the City of Surprise, setting forth the facts underlying Plaintiff's claim against **Defendant City and Defendant Gruver**, pursuant to A.R.S. § 12-821, et. seq., and Arizona Rule of Civil Procedure 4.1(1).

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

13.     On November 26, 2016, at approximately 12:48 a.m., Adame was sleeping in his vehicle located on North 177th Avenue.

14.     Simultaneously, Defendant Gruver was driving toward the area of a suspicious vehicle call.  He noticed and began to follow a vehicle that he felt was suspicious.  As he was following a suspicious vehicle, he passed Adame's vehicle.

15.     After Defendant Gruver determined the vehicle was no longer suspicious to him, he asked for the suspicious vehicle call to be assigned to him.

16.     Upon reaching Adame's vehicle, Defendant Gruver ran the vehicle's license plate in his mobile data computer.  The computer returned an "ACIC stolen tag."

17.     Defendant Gruver turned on his "takedown" lights, proceeded to exit his vehicle, and called the license plate over the radio to reconfirm if it was stolen.

18.     Defendant Gruver, **without waiting for back up to arrive**, proceeded to walk behind his own vehicle and, before approaching Adame's vehicle, removed his firearm from its holster.

19.     As Defendant Gruver arrived at the front of his vehicle, his firearm was in his hand.

20.     Upon confirmation from dispatch, Defendant Gruver continued to walk toward Adame's vehicle.  He knocked on the passenger window while pointing his firearm in the direction of the vehicle.  With no answer, Defendant Gruver opened the passenger door and proceeded to point his firearm at Adame.  Defendant Gruver identified himself as Surprise Police and told Adame to raise his hands and do not move.  He then proceeded to tell Adame to place his hands on the steering wheel, which Adame complied.

21.     Defendant Gruver continued to shout at Adame and ordered him to keep his hands up.  Adame replied, "I'm not doing anything wrong."  Defendant Gruver continued to shout at Adame and began to move toward the vehicle, his firearm inside the vehicle and pointed at Adame.

6

22.     Defendant Gruver, **with deliberate indifference for the safety of Mr. Adame and his right to be free from excessive force, negligently** proceeded to jump into the vehicle with both knees on the passenger seat with his firearm pointed at Adame.  The vehicle began to slowly pull forward when Defendant Gruver yelled, "I will…", and shot his firearm twice into Adame. The vehicle accelerated down 177th Avenue **only after Adame had been shot and mortally wounded by Defendant Gruver and was laying across his vehicle's center console.** Defendant Gruver then fell out of the vehicle. **Adame's vehicle proceeded down the road and then crashed** into a dark gray, full-sized Dodge Ram truck **that was parked in a driveway.**

23.     Without any warning, legal justification **and with deliberate indifference for Adame's constitutional rights**, Defendant Gruver used willful, excessive, and unreasonable force when he shot and killed Adame **who was unarmed and at most suspected of a non-violent crime.**

24.     Defendant Gruver's negligent handling of his firearm resulted in Adame sustaining fatal gunshot wounds to his right forearm, torso, and right shoulder, which subsequently resulted in Adame's premature death.

25.     At no time during the course of this incident did Adame have a firearm or dangerous weapon of any kind in his hand or on his person.

26.     At the time of the shooting, Defendant Gruver and an additional officer did not witness Adame holding a firearm or dangerous weapon in his hand.

7

27.    Defendant Gruver shooting throughout the incident was a violation of Adame's constitutionally guaranteed rights to be free from the use of excessive force, the right to life, due process under the law, and equal protection under the law.

28.    Prior to his death, Adame endured a substantial amount of conscious pain and suffering from the moment Defendant Gruver shot him until his body ultimately succumbed to death.

29.    During the SPD investigation, Officer McGonigle stated he did not advise Defendant Gruver that the plate was stolen because he did not want to "freak him out." He stated "he had a weird feeling that something might go down," so he started heading to the direction of the call although he did not assign himself to the call.

30.    **Upon information and belief, Defendant Gruver's supervisors knew or should have known what Officer Mcgonigle feared. That Defendant Gruver was capable of "freaking out" when confronted with individuals suspected of a non-violent crime.**

31.    During the SPD investigation, Officer McGonigle stated that when he initially approached as backup and Adame had both of his hands on the steering wheel.

32.    During the SPD investigation, Defendant Gruver attempted to justify and rationalize the unlawful killing of twenty (20) year-old Adame by stating that there were a lot of unknowns, he was by himself, and that Adame was moving his hands.

8

33.     **Upon information and belief, it is the policy and practice of Defendant City to investigate officer actions after all incidents involving the deployment of deadly force.**

34.     **Upon information and belief, Defendant Gruver was placed on administrative leave pending an internal investigation of the incident.**

35.     **Upon information and belief, the investigation that was conducted evaluated the actions of Defendant Gruver for their compliance with the policies and procedures of the Defendant City in regards to the use of deadly force. The investigation subsequently ratified Defendant Gruver's actions, finding that his actions were consistent with departmental policies and procedures placing Defendant Gruver back to full duty.**

36.     **Plaintiffs submit that the policies and procedures of the Defendant City were either ignored or in the alternative, advocate and implement the use of unreasonable, excessive force against citizens in violation of their civil rights established by the United States Constitution. In ratifying Defendant Gruver's actions and placing him back to work, Defendant City has demonstrated by act or omission that the unconstitutional, excessive and unreasonable force used by Defendant Gruver against the unarmed Adame is an accepted practice within Defendant City's operations.**

## COUNT I: EXCESSIVE FORCE (42 U.S.C. § 1983)
### (as against Defendant Gruver and Defendant City)

37.     Plaintiffs incorporate the allegations stated in each Paragraph of this Complaint as if restated fully herein.

38.     As described in the preceding paragraphs, the conduct of Defendant Gruver constituted excessive force against Derek Adame in violation of the United States Constitution.

39.     The conduct and actions of Defendant Gruver, acting in concert and under color of law, in authorizing, directing, and/or shooting a firearm in Adame's right forearm, torso, and right shoulder causing his premature death, was excessive and unreasonable, was done intentionally, willfully, with a deliberate indifference and/or with reckless disregard for the natural and probable consequences of his actions, was done without lawful justification or reason, and was designed to and did cause specific and serious physical pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C. § 1983, including the right to be free from the use of excessive, unreasonable, and unjustified force.

40.     The actions of Defendant Gruver as described above violated and deprived Adame of his clearly established and well-settled civil rights to be free from the use of excessive and deadly force, as well as the deprivation of liberty without due process of law and equal protection of the law.

41.     The death of Adame was directly and proximately caused by the aforementioned violations and deprivation of his constitutional rights by Defendant Gruver, as Defendant Gruver unlawfully used deadly force against Adame when it was blatantly unwarranted and unjustified to do so.

42.     On November 26, 2016, Defendant Gruver used unnecessary and excessive force on Adame, **depriving him of** life, liberty, and due process of law. Defendant Gruver jumped into Adame's vehicle while his firearm was drawn and pointed at Adame, and shot him twice, **despite the fact that Adame was unarmed, compliant and at most, suspected of a non-violent crime**.

43.     As a direct and proximate result of said Defendant City's and Defendant Gruver's acts, omissions, **deliberate indifference** and excessive force, Adame was deprived of his rights to due process of law, equal protection, and the right to life guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

44.     The conduct described in this Count was undertaken by Defendant Gruver within the scope of his employment and under the color of law such that his employer, Defendant City, is liable for his actions **because as described further below, Defendant Gruver's actions were ratified by the Defendant City because an investigation was conducted by Defendant City which affirmed the unconstitutional, excessive and negligent actions taken by Defendant Gruver**.

45.     The conduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Adame's constitutional rights and to the resulting harm to Adame and Plaintiffs.

46.     **As a result of the above stated facts, plaintiffs suffered extensive damages, including but not limited to physical injuries, pain and suffering and wrongful death, along with the deprivation of their constitutional and statutory rights.**

### COUNT II: SUPERVISORY LIABILITY (42 U.S.C. § 1983)
#### (as against Defendant City)

47.     Plaintiffs incorporate the allegations stated in each of the Paragraphs of this Complaint as if restated fully herein.

48.     **Upon information and belief, Defendant City, by its own regulations, when enforced, prohibits SPD officers and members from the use of excessive force. Accordingly, it owed a duty of care to the general public to take reasonable steps to train and supervise all officers of the Surprise Police Department. That duty of care was negligently breached by Defendant City as more specifically set forth hereinafter.**

49.     **The actions taken by Defendant Gruver occurred as a result of inadequate training and supervision by his employer, Defendant City. Defendant Gruver was inadequately trained in (a) the use of force, and how and when to**

avoid the use of force and excessive force, (b) the rights of citizens under the Constitutions of the United States and the State of Arizona, and (c) the duties, and responsibilities of police officers.

50.    Defendant Gruver was negligently and inadequately trained and supervised by Defendant City, thereby causing the actions of Defendant Gruver described herein.

51.    Upon information and belief, Defendant Gruver was known by his co-workers, including Officer McGonigle, to "freak out" when confronted with when confronted with individuals suspected of a non-violent crime.

52.    Upon information and belief, Defendant Gruver's supervisors allowed him to patrol individually and to contact citizen's despite knowing he was capable of "freaking out" and handling situations inappropriately.

53.    Upon information and belief, Defendant Gruver's supervisors ratified his behavior by not monitoring radio traffic and advising Defendant Gruver to stand by and wait for back up officers to arrive on scene before making contact with Mr. Adame subsequently escalating the situation. The failure of Defendant Gruver's supervisors to monitor radio traffic and supervise the inexperienced Defendant Gruver resulted in a situation which resulted in the avoidable death of Adame.

54.    The conduct described in this Count was undertaken by Defendant Gruver

within the scope of his employment and under the color of law such that his employer, Defendant City, is liable for his actions.

55. **As a result of the above stated facts, plaintiffs suffered extensive damages, including but not limited to physical injuries, pain and suffering and wrongful death, along with the deprivation of their constitutional and statutory rights.**

### COUNT III: MUNICIPAL LIABILITY (42 U.S.C. § 1983)
### (as against Defendant City)

56. Plaintiffs hereby incorporate all above paragraphs as through fully set forth herein.

57. Defendant City has a duty to provide reasonable and effective operations of its police department.

58. Defendant City also has a duty to establish proper policies, customs, and regulations of the police department.

59. Defendant City directly caused the constitutional violations suffered by Adame, and is liable for the damages suffered by Adame and Plaintiffs as a result of the conduct of the defendant officers.   The conduct of Defendant and the surrounding officers was a direct consequence of policies and practices of Defendant City.

60. At all times relevant to this complaint, Defendant City, acting through **its agent** the Surprise Police Department, had in effect policies, practices, and customs

14

**that were ignored or disregarded. This conduct** condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of damages and injures complained of herein.

61.     The wrongful **disregard of** policies, practices, customs and/or usages **created to protect the general public**, demonstrated a deliberate indifference on the part of policymakers of the Defendant City to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Adame's rights alleged herein.

### COUNT IV: WRONGFUL DEATH
**(as against Defendant Gruver and Defendant City)**

62.     Plaintiffs hereby incorporate all above paragraphs as though fully set forth herein.

63.     As described in the preceding Paragraphs of this Complaint, Defendant Gruver committed a wrongful act that caused Adame's premature death.

64.     Defendant Gruver intentionally, negligently **and with deliberate indifference for Adame's civil rights and safety, placed himself** into Adame's vehicle with his firearm drawn and fired his **weapon** at Adame, causing a harmful or offensive contact with Adame to occur.  This harmful or offensive contact caused Adame's death.

65.     Defendant Gruver fired his firearm with reckless indifference to the result

15

or the rights or safety of others.  In doing so, Defendant Gruver breached his duty to refrain from such conduct.

66.     The conduct described in this Count was undertaken by Defendant Gruver **individually and also** within the scope of his employment and under the color of law such that his employer, Defendant City, is liable for his actions.

67.     **As a result of the above stated facts, plaintiffs suffered extensive damages, including but not limited to physical injuries, pain and suffering and wrongful death, along with the deprivation of their constitutional and statutory rights.**

## COUNT V: RACIAL DISCRIMINATION (42 U.S.C. § 1981)
### (as against Defendant Gruver and Defendant City)

68.     **Plaintiffs hereby incorporate all above paragraphs as though fully set forth herein.**

69.     **Plaintiff Derek Adame, Hispanic, is a person of Mexican-American ethnicity, and therefore a member of a protected class.**

70.     **Defendants discriminated against Adame on account of his ethnic identity. Plaintiff was killed in part or in whole because of his ethnic heritage. White persons contacted by members of the Surprise Police Department and not treated in a similar fashion.**

71.     **As a result of the above stated facts, plaintiffs suffered extensive**

16

**damages, including but not limited to physical injuries, pain and suffering and wrongful death, along with the deprivation of their constitutional and statutory rights.**

<u>**DAMAGES**</u>

72.     As a direct and proximate result of the violations and deprivation of Adame's rights, he suffered severe, painful, and fatal injuries.

73.     As a direct and proximate result of these actions, Plaintiffs lost the love, care, companionship, comfort, guidance, services, and support of Adame.

74.     As a direct and proximate result of these actions, Plaintiffs have experienced pain, grief, sorrow, anguish, stress, shock, and mental suffering presently and is reasonably probable to experience in the future.

75.     As a direct and proximate result of these actions, Plaintiffs have lost income and services as a result of the death, and is reasonably probable to be lost in the future.

76.     As a direct and proximate result of the injuries to Adame, Plaintiffs have become obligated for necessary funeral and burial expenses.

77.     **The actions of all of the individual defendants described in this complaint were willful, wanton and in reckless disregard of plaintiff's civil, statutory and constitutional rights, thereby entitling plaintiffs to an award of punitive damages.**

17

**WHEREFORE**, for all of the foregoing reasons, Plaintiffs, MARIE ADAME and CARTER ADAME, through her mother CLARISA ABARCA, respectfully request that the Court enter judgement in their favor and against Defendants, CITY OF SURPRISE and JOSEPH GRUVER awarding compensatory damages, punitive damages, and any other relief this Court deems just and appropriate.

RESPECTFULLY SUBMITTED this 18th day of December, 2017.

By:/s/ Anthony J. Ramirez
Anthony J. Ramirez, Esq.
Attorney for Plaintiffs

I hereby certify that on December 18th, 2017
I electronically transmitted the attached document
to the Clerk's Office using the
CM/ECF System for Filing.

MY ARIZONA LAWYERS, PLLC
Anthony J. Ramirez
1731 West Baseline Road, Suite 101
Mesa, AZ 85202
Attorney for Plaintiffs

By:  /s/ Tara Dewees