**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Adame, et al., | No. CV-17-03200-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Surprise, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Reconsideration. (Doc. 58). The Court denies the motion.

Motions for reconsideration are to be granted only in rare circumstances, and the Court "will ordinarily deny" such a motion. L.R. Civ. 7.2(g)(1). Courts will grant a motion for consideration only upon a "showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R. Civ. 7.2(g)(1); *see also School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (holding that granting a motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"). A motion for reconsideration may not "repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." L.R. Civ. 7.2(g)(1). As such, "[m]ere disagreement with a previous order is an insufficient basis for

reconsideration." *Benge v. Ryan*, No. CV 14-00402-PHX-DGC (BSB), *2 (D. Ariz. filed Feb. 17, 2016).

Plaintiffs contend that the Court wrongfully dismissed Defendant Gruver from the state law wrongful death claim due to Plaintiffs' failure to comply with Arizona's notice of claim statute. (Doc. 55 at 8). In its motion for reconsideration, Plaintiffs provide a newly obtained declaration from the process server claiming that the Deputy Clerk for the City of Surprise told the process server that she could accept service of process "for all parties including the police officers." (Doc. 58, Exh. A).[1] However, the issue is not whether the Deputy Clerk could receive service of process for Defendant Gruver, but whether the notice of claim properly notified Defendant Gruver. As previously noted, plaintiffs must "give notice of the claim to *both* the employee individually and to his employer." *Crum v. Superior Court in & for County of Maricopa*, 922 P.2d 316, 317 (Ariz. Ct. App. 1996) (citing *Johnson v. Superior Court*, 158 Ariz. 507, 509 (App. 1988) (emphasis in original). Plaintiffs' notice of claim is addressed only to the Office of the City Clerk and the Surprise City Prosecutor, and it does not identify Officer Gruver as a recipient of the notice. (Doc. 31, Exh. A). Although the notice of claim is directed at "the persons authorized to accept service on behalf of the public entities and public employees named herein[,]" (doc. 31, Exh. A), it does not name Defendant Gruver with any specificity as a recipient of the claim. Additionally, the background section of the claim names various other public employees, including non-parties Sergeant John Vance and Deputy County Attorney Keith Manning. (Doc. 31, Exh. A). Identifying which public employees are intended to be recipients of the notice of claim would require guesswork. Plaintiffs motion for reconsideration does not show a clear error resulting in a manifestly unjust outcome, and the Court denies the motion.

---

[1] Plaintiffs explained that this declaration could not be provided during briefing in the motion to dismiss because the process server had quit his job and moved to Nevada. (Doc. 58 at 3). The Court filed the order dismissing Defendant Gruver on June 29, 2018, and the process server signed the declaration one week later on July 6, 2018. Given the fact that Plaintiffs seemingly obtained the declaration within one week of receiving the Court's order, it appears unlikely that the Plaintiffs showed reasonable diligence to provide this information to the Court in its response brief.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration is **DENIED.**

Dated this 20th day of July, 2018.

_____
Honorable G. Murray Snow
United States District Judge