**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Adame, et al., | No. CV-17-03200-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Surprise, et al., | |
| Defendants. | |

Pending before the Court is Defendant City of Surprise's ("Defendant") Motion for Remand to State Court. (Doc. 133.) For the following reasons, the Motion to Remand is denied.

## BACKGROUND

This action concerns the death of Derek Adame, who was fatally shot by City of Surprise Police Officer Joseph Gruver. Plaintiffs brought suit in state court on August 9, 2017, and Defendants removed the matter to this Court on September 15, 2017. (Doc-1-1); (Doc. 1). On December 18, 2017, Plaintiffs filed their First Amended Complaint, which included claims pursuant to 42 U.S.C. §1983 alleging Fourth Amendment unreasonable seizure, excessive force, and violation of Fourteenth Amendment substantive due process against Officer Gruver and the City of Surprise, a state law wrongful death claim against the City of Surprise, and a § 1981 discrimination claim against Officer Gruver and the City. (Doc. 26). Pursuant to the rulings of this Court and the Ninth Circuit Court of Appeals, the

only remaining claim is a wrongful death claim against the City of Surprise based on an intentional shooting of decedent Derek Adame. Defendant now moves to remand the remaining state law claim to state court.

## DISCUSSION

### I.  Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The relevant federal statute provides that:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added). In evaluating these factors, courts are guided by "considerations of judicial economy, convenience and fairness to litigants." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (alteration omitted).

### II.  Analysis

Here, the balance of the relevant factors weighs in favor of continuing to exercise

jurisdiction over this case. Although all claims over which the court had original jurisdiction have been dismissed, judicial economy, convenience, and fairness weigh in favor of the continued exercise of supplemental jurisdiction over the state law claim. The case has been pending in this court since September 2017, (Doc. 1), and this Court has ruled on motions to dismiss, (Doc. 55), and a motion for summary judgment, (Doc. 108). Moreover, the parties completed discovery in 2018 and passed the dispositive motion deadline in 2019. (Doc. 42.) Accordingly, judicial economy and convenience favor the resolution of this case in this Court. *See Gofron v. Picsel Techs., Inc.*, 804 F. Supp. 2d 1030, 1045 (N.D. Cal.2011) (holding convenience and judicial economy factors weighed against remand when the case had reached the discovery deadlines); *Wright v. Thrifty Payless, Inc.*, No. 2:13-CV-01681-KJM, 2015 WL 128130, at *2 (E.D. Cal. Jan. 8, 2015) (continuing to exercise supplemental jurisdiction after the federal claim had been dismissed where the court had already ruled on a motion to dismiss and the discovery deadlines set by the court had expired).

Finally, there is no complex or novel issue of state law which weighs in favor of remand. Defendants assert, based on the Arizona Supreme Court's 2018 *Ryan v. Napier* decision, that "[t]he novel or complex question of state law here is whether a municipality can ever be held liable for an intentional, officer-involved-shooting where there is no evidence of propensity for the officer to unlawfully use deadly force." *Ryan v. Napier*, 245 Ariz. 54, 425 P.3d 230 (2018); (Doc. 133 at 5). The holding in *Ryan*, however, directly addresses Defendant's proposed novel issue. The Arizona Supreme Court explained: "a public entity, like the Pima County Sheriff's Office, is immune from liability for damages caused by an employee's felony act unless the entity knew of the employee's propensity to commit such acts." *Ryan*, 245 Ariz. at 61, 425 P.3d at 237. As Defendant's asserted question has been answered, no novel issue of law weighs in favor or remand.

Judicial economy, convenience, and fairness thus weigh in favor of continuing to exercise jurisdiction over this case.

**CONCLUSION**

Accordingly, for the reasons stated above, the court declines to remand the case to state court.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Remand to State Court (Doc. 133) is **DENIED.**

Dated this 28th day of January, 2021.

_____
G. Murray Snow
Chief United States District Judge