**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Adame, et al., | No. CV-17-03200-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Surprise, et al., | |
| Defendants. | |

Pending before the Court is Defendant City of Surprise's Motion to Bifurcate, (Doc. 142), and Motion for Judgment on the Pleadings, (Doc. 144).  Also before the Court is Plaintiffs' Objection and Request to Strike Defendant's Rule 12(c) Motion for Judgment on the Pleadings. (Doc. 153.)  For the following reasons, Defendant's Motion to Bifurcate is denied, Defendant's Motion for Judgment on the Pleadings is stricken, and Plaintiffs' Motion to Strike is granted.

## I.    Motion to Bifurcate

The Federal Rules of Civil Procedure permit a court to order separate trials of separate issues for convenience, to avoid prejudice, or to expedite and economize.  Fed. R. Civ. P. 42(b).  District courts have broad discretion as to whether bifurcation is appropriate. *Zivokic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (citing *Exxon Co. v. Sofec, Ins.*, 54 F.3d 570, 575 (9th Cir. 1995)).  "The piecemeal trial of separate issues in a single lawsuit . . . is not to be the usual course, however, and will be ordered only where

1  the party seeking separate trials meets his or her burden of proving that bifurcation is

2  necessary." *Lassley v. Secura Supreme Inc.*, No. 14-cv-1766, 2015 WL 5634307, at *2 (D.

3  Ariz. Sept. 15, 2015) (internal citations and quotation marks omitted).

4       Defendant does not meet its burden of proving that bifurcation of the liability and

5  damages phases of the trial is necessary.  Accordingly, the Motion to Bifurcate is denied.

6       **II.    Motion for Judgment on the Pleadings**

7       *Ryan v. Napier* was published on August 23, 2018. 245 Ariz. 54, 425 P.3d 230

8  (2018). The Mandatory Initial Discovery Program Responses and Fact Discovery deadline

9  was November 23, 2018, and the parties were required to file dispositive motions by

10  January 11, 2019.  (Doc. 42.)  Defendant could have sought relief pursuant to *Ryan v.*

11  *Napier* prior to the first dispositive motion deadline and failed to do so. As Defendant filed

12  the instant dispositive motion, a Motion for Judgment on the Pleadings, after the dispositive

13  motion deadline without leave from the Court, the Motion is stricken.

14       Accordingly,

15       **IT IS THEREFORE ORDERED** that Defendant's Motion to Bifurcate the Trial

16  into Separate Issues of Liability and Damages (Doc. 142) is **DENIED.**

17       **IT IS FURTHER ORDERED** that Defendant's Rule 12(c) Motion for Judgment

18  on the Pleadings (Doc. 144) is **STRICKEN.**

19       **IT IS FURTHER ORDERED** that Plaintiffs' Objection and Request to Strike

20  Defendants' Rule 12(c) Motion for Judgment on the Pleadings (Doc. 153) is **GRANTED.**

21       Dated this 18th day of March, 2021.

22

23                       _____

                             G. Murray Snow

24                       Chief United States District Judge

25

26

27

28