**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Adame, et al., | No. CV-17-03200-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Surprise, et al., | |
| Defendants. | |

Before the Court is Plaintiffs Maria Adame and Clarisa Abarca's ("Plaintiffs") Motion for Certification to the Arizona Supreme Court, (Doc. 175), and Defendant City of Surprise's ("Defendant") Motion for Summary Judgment Re: State Law Immunity, (Doc. 177). The Court held oral argument on the motions on June 4, 2021. For the following reasons both motions are denied.

## BACKGROUND

This action concerns the death of Derek Adame, who was fatally shot by City of Surprise Police Officer Joseph Gruver. Pursuant to the rulings of this Court and the Ninth Circuit Court of Appeals, the only remaining claim is a wrongful death claim against the City of Surprise based on an intentional shooting of decedent Derek Adame. Defendant moved for, and Plaintiffs opposed, remand to state court because the remaining issues of state law were novel or complex. (Doc. 133.) The Court denied Defendant's Motion to Remand. (Doc. 140.)

The parties' remaining dispute centers on whether Officer Gruver's actions were legally justified or, if not, whether they constitute a criminal felony. The City asserts that there is no liability for Officer Gruver's acts that were justified. Further, the City argues that even if Officer Gruver's acts were unjustified, Plaintiffs concede that they do not have any evidence that the City had knowledge of Gruver's propensity to commit a felonious homicide. It thus argues that it is entitled to immunity pursuant to Arizona Revised Statute § 12-820.05(B), which designates public entities as immune from liability for a public employee's felonious actions unless the entity had knowledge of the employee's propensity to commit that act. At the parties' final pretrial conference, the Court authorized Defendant to file a motion for summary judgment on the issue. (Doc. 174.)

## DISCUSSION

### I. Legal Standards

#### a. Motion for Certification to the Arizona Supreme Court

Pursuant to A.R.S. § 12-1861, the Arizona Supreme Court may answer questions of law certified to it by a United States district court when: (1) there are questions of Arizona law which may be determinative of the pending cause; and (2) there is no controlling precedent on the issue from the Supreme Court or the Arizona Court of Appeals. To determine whether certification is appropriate, courts consider the complexity of the issue, the availability of precedent from other courts, and the magnitude of disagreement among other courts. *See Atl. Specialty Ins. Co. v. Teller*, 224 F. Supp. 3d 844, 848 (D. Ariz. 2016). Courts also consider whether and when the parties raise a certification request, the extent to which the question is likely to be repeated and, its relative significance.

#### b. Motion for Summary Judgment

The purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes

over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Parties opposing summary judgment are required to "cit[e] to particular parts of materials in the record" establishing a genuine dispute or "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). A district court has no independent duty "to scour the record in search of a genuine issue of triable fact[.]" *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

## II. Analysis

In this matter, two statutes govern and limit the scope of civil liability for harm arising out of force employed by law enforcement officers. First, pursuant to A.R.S. § 13-413, "civil liability cannot be imposed on a law enforcement officer for 'engaging in [justified] conduct,' regardless of the theory of recovery." *Ryan v. Napier*, 245 Ariz. 54, 63, 425 P.3d 230, 239 (2018) (quoting A.R.S. § 13-413). Second, pursuant to A.R.S. § 12-820.05(B), where a public employee commits a felony, a public entity can only be liable for the act if it had knowledge of the employee's propensity for that action. Section 12-820.05(B) provides:

> A public entity is not liable for losses that arise out of and are directly attributable to an act or omission determined by a court to be a criminal felony by a public employee unless the public entity knew of the public employee's propensity for that action. This subsection does not apply to acts or omissions arising out of the operation or use of a motor vehicle.

A.R.S. § 12-820.05(B).

The parties dispute whether either provision prohibits recovery here. However, Plaintiffs cite no evidence of propensity in this case. Thus, even if the shooting is presumed

- 3 -

unjustified, Plaintiffs only prevail if Officer's Gruver's conduct did not amount to a criminal felony that triggers § 12-820.05(B) immunity, or "if Officer Gruver's acts or omissions aris[e] out of the operation or use of a motor vehicle."

### 1. The vehicle exception applies in this case.

Although generally a public entity is only liable for the felonious acts or omissions of its employees if it has actual knowledge of the employee's propensity toward those acts, A.R.S. § 12-820.05(B) excepts "acts or omissions arising out of the operation or use of a motor vehicle." No authority has interpreted the vehicle exception in this context, but federal courts have read the law to require a causal connection between the harm at issue and the vehicle. *See Larson v. Berumen*, 187 F.3d 647 (9th Cir. 1999) (construing A.R.S. §12-820.05's vehicle exception in light of similar language in Arizona insurance statutes to require a causal connection between the vehicle and injury at issue); *Garcia v. Garibay*, No. CIV 12-929 TUC FRZ, 2013 WL 1442505, at *4 (D. Ariz. Apr. 9, 2013) (same).

The plain language of the statute applies to any act or omission arising out of the operation or use of a motor vehicle. The provision does not limit the exception's application to operators who are public employees. Indeed, the Arizona Supreme Court has specified that in construing A.R.S. §§ 12-820–12-826, "governmental liability is the rule in Arizona and immunity is the exception." *Doe ex rel. Doe v. State of Arizona*, 200 Ariz. 174, 176, 24 P.3d 1269, 1271 (2001). To effectuate the purpose of the statute, courts must thus "construe immunity provisions narrowly." *Id.* Construing § 12-820.05's grant of immunity according to its plain meaning, the statute does not provide immunity for a government employee's "acts . . . arising out of the operation or use of a motor vehicle." Defendant's assertion that the exception applies only where a public employee operates or uses a vehicle is not supported by the plain meaning of the provision or Arizona principles of immunity construction.

The harm at issue in this case is the death of Decedent Adame. There is, at the very least a genuine issue of material fact as to whether Officer Gruver's killing of the decedent arose in substantial part out of the Decedent's engagement of, and thus operation or use of,

a motor vehicle.  Defendant's Motion for Summary Judgment is thus denied.

**2.  Plaintiffs' Requests for Certification are Denied**

In their Motion for Certification, Plaintiffs raise several questions relating to the application of § 12-820.05, questioning (1) whether, the Court may find Officer Gruver's conduct a felony as a matter of law by the Court; (2) whether an unjustified killing is automatically a criminal felony; and (3) what consequences flow from a civil finding of a criminal felony. However, because there is a genuine issue of material fact as to whether § 12-820.05(B)'s vehicle exception applies in this case to preclude immunity for Defendant, Plaintiffs' remaining questions about the applicability are not determinative of this case. As non-determinative questions are inappropriate for certification, the Court declines to certify Plaintiffs' remaining questions for review.

### CONCLUSION

For the reasons set forth above, the Court declines to certify Plaintiffs' questions to the Arizona Supreme Court. Summary judgment is denied because there is a genuine issue of material fact as to whether § 12-820.05(B)'s vehicle exception applies in this case.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Certification (Doc. 175) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 177) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. 182) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion To Strike Plaintiff's Brief or, In the Alternative, Motion to Vacate Oral Argument and Grant Leave to Defendant City of Surprise to File a Responsive Brief (Doc. 188) is **GRANTED** in part and **DENIED** in part as follows:

1. Defendant's Motion to Strike is **GRANTED.** As Plaintiffs' Brief, (Doc. 187), was filed without authorization, it is hereby stricken from the record.

2. Defendant's Motion to Vacate Oral Argument is **DENIED** as **moot.**

3.  Defendant's Motion for Leave to File a Responsive Brief is **DENIED.**

**IT IS FURTHER ORDERED** setting an **in-person** status conference on Monday, **June 21, 2021 at 10:00 a.m.** in Courtroom 601, Sandra Day O'Connor U.S. Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003-2151.

Dated this 11th day of June, 2021.

G. Murray Snow
Chief United States District Judge

- 6 -